USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 20, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK MORRISON, :
:
                Plaintiff, :   08 Civ. 4302   (PAC) (AJP)
:
    - against - :   ORDER
:
DR. MAMIS, :
:
                Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Patrick Morrison ("Morrison"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that Defendant Dr. Harry Mamis ("Dr. Mamis"), a DOCS physician, denied him proper medical treatment in violation of the Eighth Amendment. Dr. Mamis has moved for summary judgment. On December 18, 2008, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("R&R") recommending that Dr. Mamis' motion be granted. Having reviewed the R&R, as well as Morrison's timely objections, the Court adopts Magistrate Judge Peck's findings and recommendations and grants Dr. Mamis' motion for summary judgment.

## BACKGROUND

**I.    Facts**[1]

Morrison was an inmate at Fishkill Correctional Facility ("Fishkill") from about September 2007 until August 2008, during which time he claimed to suffer from back pain and severe headaches. He asked to see a nurse nearly every day of his stay at Fishkill. Dr. Mamis was Morrison's primary care physician at Fishkill. In November 2007, Dr. Mamis prescribed

---

[1] The facts in this section are taken from the R&R.

1

Ibuprofen for Morrison's pain and ordered an MRI to determine the cause of his headaches. Morrison did not undergo the MRI, however, because of bullets lodged in his chest. Dr. Mamis ordered an x-ray to evaluate the bullets.

In December 2007, Dr. Mamis ordered Morrison to undergo a CAT scan. In January 2008, Morrison complained that Ibuprofen was not relieving his pain. Dr. Mamis prescribed 25 mg. of Elavil, a stronger pain medication, for Morrison. Two weeks later, Dr. Mamis increased the Elavil dosage to 50 mg., and in February, after further complaints by Morrison, Dr. Mamis increased the dosage to 75 mg.

From March through June 2008, Morrison continued to complain that the Elavil was not effective, but Dr. Mamis refused to provide him with a new pain prescription. Dr. Mamis also refused Morrison's request for Ben Gay. In May 2008, an x-ray revealed that Morrison suffered from an arthritic back; Dr. Mamis determined that over-the-counter pain medications were the appropriate treatment for this injury. In addition, Dr. Mamis scheduled a neurology consult for Morrison in June 2008.

On May 7, 2008, Morrison filed the instant Complaint alleging that Dr. Mamis was deliberately indifferent to his medical needs. Dr. Mamis moved for summary judgment on November 7, 2008.

**II.    Magistrate Judge Peck's R&R**

Magistrate Judge Peck reviewed the facts and thoroughly analyzed the applicable law. An Eighth Amendment claim of cruel and unusual punishment requires proof that a prison official acted with deliberate indifference to the prisoner's medical needs. (R&R at 10.) Deliberate indifference, in turn, requires proof that: (1) the alleged deprivation of medical care

was sufficiently serious; and (2) the prison official, in depriving the prisoner of medical care, acted with a state of mind equivalent to criminal recklessness.  (See id. at 11-15.)

Magistrate Judge Peck found that Dr. Mamis' conduct did not rise to the level of deliberate indifference to Morrison's medical needs.  Dr. Mamis responded to Morrison's medical concerns by prescribing appropriate medication, increased the dosage of the medication at Morrison's request, and ordered that Morrison undergo an MRI, CAT scan, x-rays, and a neurological consult.  (Id. at 19-21.)  While Morrison claims that Dr. Mamis "skipped" some of their appointments, there is absolutely no doubt that Dr. Mamis saw Morrison frequently.  It is just as clear that Morrison's complaints were not so serious that they required immediate attention.  (Id. at 22-23.)  Morrison offers no proof of adverse consequences attributable to the missed appointment.  Finally, other than Morrison's conclusory statement there is no admissible evidence that Dr. Mamis deliberately delayed treatment.  At best, Morrison merely disagreed with Dr. Mamis over the proper method of treatment for his conditions.  Magistrate Judge Peck properly concluded that such allegations do not give rise to an Eighth Amendment claim.  (Id. at 24-28.)

## DISCUSSION

### III.   Standard of Review for a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions de novo.  Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The Court, however, "may adopt those portions of the [R&R] to which no objections have been made

and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## IV. Morrison's Objections

Morrison raises three objections to the R&R. Each objection is a repeat of claims previously made by Morrison and thoroughly considered by Magistrate Judge Peck. None of the objections have merit. Consequently, the Court adopts the R&R in its entirety.

First, Morrison restates his claim that Dr. Mamis ignored his medical conditions and "purposely skipped me to cover up his deliberate[] indifference, negligence, and his intentional misconduct towards me and his summary judgment should be dismissed." (Objection Docket No. 34.[2]) Magistrate Judge Peck addressed this argument, and Morrison offers no new evidence to support his claim. (See R&R at 22-23.) There is no proof that Dr. Mamis, as a form of punishment, ignored a "life-threatening and fast-degenerating" condition. Demata v. New York State Corr. Dep't of Health Servs., No. 99-0066, 198 F.3d 233, 1999 WL 753142 (Table), at *2 (2d Cir. Sept. 17, 1999). Mere repetition of claims does not raise any factual or legal questions.

Second, Morrison repeats that Dr. Mamis failed to remove the bullets lodged in his chest and also falsified Morrison's MRI questionnaire. (Objection Docket No. 36.) These arguments were thoroughly considered by Magistrate Judge Peck. (See R&R at 3 n.5, 26-28.) Dr. Mamis demonstrated attentiveness to the bullets by ordering an x-ray to evaluate them. Furthermore, Morrison fails to provide any evidence that the bullets needed to be removed. Magistrate Judge Peck found that the only reason why Morrison wanted the bullets removed was so that he could have an MRI. Morrison, however, had both an x-ray and a CAT scan and there is no showing that this treatment regimen was inadequate. With respect to Dr. Mamis' alleged falsification of

---

[2] Morrison's objections are set forth in three separate letters. In order to avoid confusion, the Court will refer to each letter by its ECF docket number.

4

the MRI questionnaire, Morrison provides no evidence that such falsification occurred. If Morrison is alleging that, by ordering him to undergo an MRI despite the bullets in his body, Dr. Mamis placed Morrison's life in danger, this allegation is clearly without merit since Dr. Mamis cancelled the MRI as soon as he became aware of the bullets.

Finally, Morrison claims that the physicians at his new correctional facility have implemented a treatment regime that is more effective than Dr. Mamis'. (Objection Docket No. 35.) Even if true, that would be no reason to reject Magistrate Judge Peck's recommendation. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Magistrate Judge Peck correctly concluded that Dr. Mamis' treatment of Morrison was adequate. (R&R at 19-21.)

## CONCLUSION

The Court adopts Magistrate Judge Peck's R&R in its entirety. Dr. Mamis' motion for summary judgment is GRANTED, and Morrison's Complaint is DISMISSED. The Clerk of the Court is directed to close this matter.

Dated: New York, New York
       July 20, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge

6

Copies To:    Honorable Andrew J. Peck
United States Magistrate Judge

Patrick Morrison
Din. No. 07B1911
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, NY 14871

Julia H. Lee, Esq.
Susan Odessky, Esq.
Office of the Attorney General of the State of New York
120 Broadway, 24th Floor
New York, NY 10271